CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 24 2007
JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DEREK T. SMITH, #32494-037 | ) | |
|     Petitioner, | ) | Civil Action No. 7:07cv00184 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | By: Hon. Glen E. Conrad |
|     Respondent. | ) | United States District Judge |

<u>Pro se</u> petitioner Derek T. Smith, federal register number 32494-037, a federal inmate incarcerated at the United States Penitentiary, Lee County ("USP Lee"), in Jonesville, Virginia, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Smith challenges prison disciplinary sanctions he received for engaging in a sexual act in violation of Bureau of Prisons ("BOP") Code 205. Petitioner requests relief in the form of expungement of his disciplinary record and the return of lost good conduct time ("GCT").

Upon a review of the complaint, the court finds that it is without merit and must be dismissed with prejudice.

## I. Factual and Procedural Summary[1]

Petitioner states that, on May 30, 2006, a female staffer at USP Lee filed an incident report alleging that she had observed petitioner "in the typing room" next to her office. As the staffer worked at her computer, she noticed that petitioner had moved his chair to a position where she could see "his groin area," and that petitioner was "using his right hand to rub his erect penis in an up and down motion. His penis was in his pants." As stated above, petitioner was charged with the act of "Engaging in Sexual Acts" in violation of BOP Code 205.

Petitioner states that, on June 16, 2006, a disciplinary hearing was held

---

[1] The facts have been adduced from Smith's petition.

whereat Psychologist Dr. Ellis appeared as a staff representative on Smith's behalf. Dr. Ellis informed the hearing officer "[He] is being managed under mentally ill [sic] and is currently receiving medication," (i.e., she's [sic] was referring to Smith). The DHO then asked Dr. Ellis if Smith was competent to conduct the hearing, but never explained the mental ill [sic] in which [sic] Smith was being treated nor did she informed [sic] the DHO of the type of medication or the effects it had on Smith's behavior.

The disciplinary hearing officer ("DHO") found that petitioner had engaged or attempted to engage in a sex act.[2] The DHO sanctioned petitioner with 30 days of disciplinary segregation and the loss of 27 days of GCT.

Petitioner states that he "moved to dismiss the charge on the basis that the conduct of which he was accused did not constitute an offense under 18 U.S.C. 2241 because there was no allegation that conduct occurred as defined under 18 U.S.C. 2245."

The court will discuss additional facts as necessary in its analysis.

## II. Analysis

Prior to filing a petition under 28 U.S.C. § 2241, an inmate must first exhaust all administrative remedies. See 28 U.S.C. § 1997(e)(a). Petitioner has not submitted any documentation of having exhausted all administrative remedies. However, petitioner states that he has exhausted such procedures.

Petitioner presents several arguments as to why his petition should be granted.[3] Petitioner

---

[2] Petitioner states that he was charged with a "violation of code 205 (engaging in a sex act)" and that the DHO found that he had "willfully violated code 205A (attempted) engaging in a sex act."

[3] Petitioner presents the following frivolous contentions, the merits of which the court will not address. Petitioner contends that
> the Federal Bureau of Prisons and the American Federation of Government Employees Union entered into a series of illegal collective bargaining agreements contrary to the laws of the United States designed to invalidate sub silento [sic] a host of federal regulations enacted to protect inmate constitutional rights during the disciplinary process that was voided in favor of the prison employee to evade criminal and civil as well as administrative action for

2

contends that the evidence against him before the DHO was

> insufficient to support a finding of guilt under the due process clause of the Fifth Amendment as the charging report instrument is not evidence in light of the fact that the reporting employee's statement claim [sic] to have seen Smith rub his penis in an up and down motion, among testimony from others that firmly refutes this allegation.

Petitioner also asserts that the "psychologist appearing as a representative on [his] behavior" was not his "treating physician, nor was she asked the mental illness in which [he] was being treated to determine whether [he] was responsible for his conduct." He adds that the psychologist had "a conflict as well because she was appearing as a representative on [his] behalf rather than staff for his conduct/incompetency."

### A. Due Process

In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court found that inmates subject to disciplinary hearings where they may lose good time credits are entitled to the following due process guarantees: (1) advanced written notice of the claimed violation; (2) disclosure of evidence against the defender; (3) the right to confront and cross-examine witnesses (unless the hearing officer finds good cause not to allow confrontation); (4) a neutral detached hearing body; and (5) a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken. Id. at 564-71.

---

> outrageous misconduct based upon a totalitarian movement and corrupt influences used by union and justice department officials attempting to undermine the constitution of the United States.

According to petitioner, the DHO's "bias[ed] decisionmaking [sic]" violated his rights to due process and equal protection due to "an illegal collective bargaining agreement existing between the agency and its employees [sic] union that automatically abrogates an inmate's right to [a] presumption of innocence during the disciplinary process in favor of employees [sic] political and employment interest." He adds that the "DHO administrative tribunal operated under a preexisting conflict of interest in violation of" his rights "by proceeding with a hearing [from which he] should have recused himself from that constituted a conflict of interest over totalitarian movements and corrupted influences being applied from a private entity that affected his decisionmaking [sic]."

3

Petitioner does not argue that the DHO failed to satisfy the guarantees mandated by Wolff. Essentially, petitioner alleges only that the evidence "is insufficient to support a finding of guilt." Applying the Wolff standard, the petition must fail. In the first instance, the admission of the statements of the psychologist and the prison staffer who witnessed the conduct does not violate the due process guarantees of Wolff. And, significantly, petitioner admits that he was able to present a defense that included "testimony from others." The DHO, however, did not accept his defense. Federal courts will not review the accuracy of a disciplinary committee's finding of fact. Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). Such findings will only be disturbed if they are unsupported by any evidence or are wholly arbitrary and capricious. Smith v. Rabalais, 659 F.2d 539, 545 (5 th Cir. 1981), cert. denied, 455 U.S. 992 (1982); see also Chevron v. Natural Res. Def. Council, 467 U.S. 837, 844 (1984) (an agency's decisions are not to be second-guessed by federal courts unless they are arbitrary, capricious, or manifestly contrary to the statute). Petitioner has failed to make any such showing sufficient to displace the DHO's findings of fact. Therefore, the court finds that relief should be denied on this claim because petitioner received adequate due process regarding his disciplinary infraction.

### B. "Sexual Acts"

Alternatively, petitioner argues that the term "sexual acts" should be given the definition found in the criminal statutes. He points the court's attention to 18 U.S.C. § 2246(2), where "sexual act" is defined as contact between one person's penis, mouth, hand or object and another's genitals or anus.[4] He argues that the prohibited sexual acts necessarily require the involvement of another person and thus, his exhibition in front of the prison staffer was not conduct prohibited by 28 C.F.R.

---

[4] Actually, petitioner cites 18 U.S.C. 2245, but provides the text of 18 U.S.C. § 2246(2).

4

§ 541.13, Table 3, code 205. However, petitioner was not convicted of a crime pursuant to the federal criminal code; rather, he was subjected to a prison disciplinary proceeding. Absent any evidence that the BOP intended to adopt the criminal definition of "sexual act" as controlling in prison disciplinary proceedings, a federal prisoner who engages in public clothed masturbation while looking at a prison staffer qualifies as "engaging in a sexual act" within the scope of a prison regulation proscribing such activity, where the BOP defines "sexual act" as intimate physical contact with prisoner's self or with another. Therefore, the court finds that relief should be denied on this claim.

### III. Conclusion

Based on the foregoing, the court finds that petitioner's claim lacks sufficient merit to warrant the requested relief. Accordingly, the court will dismiss the petition. An appropriate Order will be entered this day.

ENTER: This 24th day of April, 2007.

_____
United States District Judge